IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| YVOUNE KARA PETRIE, D.C. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:13-cv-1486 |
| VIRGINIA BOARD OF MEDICINE, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
<u>**MOTION TO DISMISS**</u>

This suit collaterally attacks the Defendant Board of Medicine's ("Board") sanction of Plaintiff's license. Despite an attempt to amend her claims, Plaintiff's suit, styled as an antitrust suit, at its core seeks to circumvent state law and state appellate procedure. Plaintiff is still pursuing an appeal of the Board decision on her license in Virginia state courts. Rather than continue to pursue her appeals of right through the statutory mechanism in place for such challenges, Plaintiff continues to harass the Board, its members, and staff[1] by filing a federal claim which is not permissible under existing law.

In their motion, the Defendants ask this Court to dismiss all claims under Rules 12(b)(1) and 12(b)(6) for the following reasons: (1) this Court lacks jurisdiction over these claims because *Younger* abstention applies; (2) this Court lacks jurisdiction because *Burford* abstention applies; (3) the Defendants are entitled to absolute quasi-judicial immunity; and (4) Plaintiff has failed to

---

[1] Plaintiff's Amended Complaint names four Board members (Randolph Clements, DPM, Kamlesh Dave, MD, Siobhan Dunnavant, MD, and Wayne Reynolds, DO), one former Board member (Jane Piness, MD), and one Board staff member (William L. Harp, MD) as Defendants, along with the Board.

1

allege facts to support a conspiracy, and has therefore failed to state a claim for which relief can be granted against the Defendants.

## I. FACTS

1. The Board conducted a formal hearing on February 22, 2013, to receive and act on evidence that the Plaintiff may have violated the statutes and regulations that govern the practice of chiropractic in the Commonwealth of Virginia.[2] (Order of the Virginia Board of Medicine, February 28, 2013, attached as Exhibit A ("Board Order"), at 1.)

2. The panel of the formal hearing was comprised of Steven Heretick, JD, Siobhan Dunnavant, MD, Wayne Reynolds, DO, Jane Piness, MD, Kamlesh Dave, MD, Randolph Clements, DPM, Jane Maddux, and Irinia Farquar, PhD. (*See* Am. Compl. at ¶ 48.) William L. Harp, MD, the Executive Director of the Board, attended in his capacity as a staff member to assist the Board. Dr. Harp was not a voting panel member.[3]

3. Citizen members of the Board have no personal, familial, or financial interests in the practices or professions regulated by the Board. Va. Code § 54.1-107.

4. Citizen members of the Board are full voting members. Va. Code § 54.1-2402.

5. Following the formal hearing, the Board determined that Plaintiff violated Virginia Code §§ 54.1-111(A)(3), (4), and (8), -2915(A)(3), (12), (13), (15), (16), (18), and 18VAC85-20-29(A)(1) and 18VAC85-20-30(E) of the Regulations Governing the Practice of Medicine, Osteopathic Medicine, Podiatry, and Chiropractic. (Ex. A at 5.)

---

[2] The Board attaches the Board Order and documents related to the Plaintiff's state court appeal to this motion to dismiss as documents in the public record, which are pertinent, and that Plaintiff failed to attach as part of her Complaint. *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995); *see* discussion under part II of this brief, below.

[3] *See* Va. Code § 54.1-2900 ("Board" is defined as the Board of Medicine); Va. Code § 54.1-2911 (setting the requirements for the members of the Board; creating the position of Executive Director); Va. Code § 54.1-2915 (stating that "<u>the Board</u>" may discipline licensees) (emphasis added). The Executive Director of the Board is not a voting member and cannot vote to sanction a licensee. *See also* Part D (i), below.

6. Steven Heretick (citizen member), Siobhan Dunnavant, MD, Wayne Reynolds, DO, Jane Piness, MD, Kamlesh Dave, MD, Randolph Clements, DPM, and Jane Maddux (citizen member) voted to sanction the Plaintiff as described in the Board Order. (*See* Am. Compl. at ¶ 48.) Only Irina Farquar, Ph.D (citizen member) did not vote for the specific sanction imposed by the Board. (*Id.*)

7. The reasons for the Board's conclusions of law are contained in its findings of fact. (*See* Ex. A at 1-5.) The Plaintiff advertised and promoted her services in a manner that was false and misleading by holding herself out as a nutritionist able to "reverse" Type II diabetes, and "reverse" erectile dysfunction. (*Id.* at 2.) The Plaintiff held herself out as a registered dietician and nutritionist without meeting the criteria set forth in applicable Virginia statutory law and regulations for dieticians and nutritionists. (*Id.* at 3.) The Plaintiff acted outside the scope of chiropractic as defined in Virginia Code § 54.1-2900 by offering diet and nutrition counseling, and by ordering blood, saliva, and urine testing unrelated to the practice of chiropractic. (*Id.* at 3.) The Plaintiff furthermore permitted and instructed individuals under her supervision to engage in the unlicensed practice of medicine. (*Id.* at 4-5.)[4]

8. The Board suspended Plaintiff's license to practice chiropractic and imposed a $25,000 fine on Plaintiff. (*Id.* at 6.) She was required to, within six months of entry of the order, "submit written certification to the Board attesting that all promotional or patient education materials, in paper form, electronic form, or other, will comply with Board regulations applicable to advertisements." (*Id.* at 6-7.)

9. If her license is reinstated, the Plaintiff will be prohibited from holding herself out as an expert in any particular area without receiving continuing education in that area by the Council on Chiropractic Education. (*Id.* at 7.) The Plaintiff will also be prohibited from referring

---

[4] The full findings of fact for which the Board sanctioned the Plaintiff can be found on pages 2-5 of Exhibit A.

to herself or allowing others to refer to her as "doctor" without the clarifying term "doctor of chiropractic." (*Id.*) Finally, the Plaintiff will be prohibited from the practice of medicine, for which she does not have a license to practice, and which is outside the scope of chiropractic as defined in Virginia Code §54.1-2900. (*Id.* at 7-8.)

10. The Board entered its Order, which was a final order for purposes of appeal under the Virginia Administrative Process Act (Va. Code § 2.2-4000 *et seq.*) ("VAPA"), on February 28, 2013. (*Id.* at 9.)

11. Pursuant to statute, the Department of Health Professions posted the final order sanctioning the Plaintiff. *See* Va. Code § 54.1-2400.2(G) ("Orders and notices of the health regulatory board relating to disciplinary actions shall be disclosed.").

12. Plaintiff filed her Notice of Appeal with the Board on April 1, 2013. (*See* April 1, 2013 Notice of Appeal, attached as Exhibit B.)

13. Plaintiff filed her Petition for Appeal with the Fairfax County Circuit Court on April 30, 2013. (*See* Petition for Appeal, attached as Exhibit C.)

14. The parties argued the matter before the Circuit Court of the County of Fairfax, after which the Circuit Court dismissed Plaintiff's Petition for Appeal and upheld the Board decision. (*See Petrie v. Virginia Board of Medicine*, Final Order, September 12, 2013, attached as Exhibit D.)

15. Plaintiff filed her Notice of Appeal to the Virginia Court of Appeals on October 11, 2013. (*See Petrie v. Virginia Board of Medicine*, Notice of Appeal, attached as Exhibit E.)

16. Plaintiff filed her assignments of error with the Virginia Court of Appeals on December 27, 2013. (*See* Appellant's Designation of Contents of Appendix and Assignments of Error, attached as Exhibit F.)

17. Plaintiff filed her Opening Brief in the Virginia Court of Appeals on January 21, 2014. (*See* Brief of Appellant, attached as Exhibit G.)

18. The Virginia Court of Appeals has not yet heard the Plaintiff's appeal. However, Plaintiff's appeal is an appeal of right. Therefore, Plaintiff's appeal will be heard by the Virginia Court of Appeals. Va. Code § 2.2-4026; Rules of the Supreme Court of Virginia, Rule 5A:16(a).

19. Plaintiff filed her Complaint in this Court on December 3, 2013. (*See* Compl., Docket No. 1.) Plaintiff filed an Amended Complaint on February 3, 2014. (*See* Am. Compl., Docket No. 13.)[5] Plaintiff specifically requests this Court to set aside the Board Order which she is in the process of appealing in the Virginia Court of Appeals. (Am. Compl. at page 47, "Prayer for Relief.")

## II. LEGAL STANDARD

When reviewing a motion filed under Rule 12(b)(6), a court accepts all properly pled allegations in the complaint as true and construes all facts in the light most favorable to the plaintiff. *See* Fed. R. Civ. P. 12(b)(6); *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 504 (4th Cir. 1999). But a court "need not accept as true mere legal conclusions couched as factual allegations." *Assa'Ad-Faltas v. Virginia*, 738 F.Supp. 982, 985 (E.D. Va. 1989) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*") (*citing Papasan*, 478 U.S. at 286). "[W]hen the

---

[5] The Defendant Board moved to withdraw its initial motion to dismiss in light of the filing of the Amended Complaint. (*See* Motion to Withdraw Motion to Dismiss, Docket No. 14.) That motion to withdraw has not been ruled on. The Defendants file the instant motion to dismiss and accompanying brief with the understanding that the previous motion to dismiss has been withdrawn.

allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* at 558 (citations omitted).

The Supreme Court's decision in *Twombly* was explained further by that Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("*Iqbal*"), where the Court noted that there were two working principles set forth in *Twombly*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'

*Id.* (internal citations omitted).

A court may consider matters on the public record without converting the motion to one for summary judgment and can take judicial notice of pleadings in its own records. *Papasan*, 478 U.S. at 286 n.1. Non-judicial records outside the complaint may also be considered under Rule 12(b)(6). "[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint . . . not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims." *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).[6]

---

[6] In this case, the Board's Order is integral to the Plaintiff's claim. Furthermore, the subsequent appellate history is relevant to the claims of restraint of trade by the Plaintiff.

## III. ARGUMENT

### A. *Younger* Abstention Bars These Claims.

Plaintiff's claims here, which collaterally attack the Board decision and votes of certain Board members under the guise of antitrust allegations, are barred under the doctrine of abstention as established in *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court in *Younger* held that the principle of "comity" includes:

> a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Id.* at 44.

The doctrine of *Younger* abstention has been extended to apply in civil proceedings. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986) (sex discrimination proceedings before Ohio Civil Rights Commission); *Middlesex County Ethics Committee v. Garden State Bar Assn.*, 457 U.S. 423 (1982) (lawyer disciplinary proceedings, when said proceedings fall under the appellate jurisdiction of the state supreme court) ("*Middlesex*"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (state obscenity regulation); *Juidice v. Vail*, 430 U.S. 327 (1997) (civil contempt proceeding); *Trainor v. Hernandez*, 431 U.S. 434 (1977) (civil proceeding to recover unlawfully obtained welfare benefits); *Moore v. Sims*, 442 U.S. 415 (1979) (litigation involving suspected child abuse).

In *Middlesex,* the U.S. Supreme Court stated that there are three steps in determining if *Younger* abstention applies to a non-criminal case, namely determining whether: (1) there is an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges.

7

*Middlesex*, 457 U.S. at 432. "Abstention is based upon the theory that the accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." *Middlesex*, 457 U.S. at 435 (*citing Younger*, 401 U.S. at 45; *Fenner v. Boykin*, 271 U.S. 240, 244 (1926)) (internal quotation marks omitted).

The three factors that determine whether *Younger* abstention applies are present in this action. There is an ongoing state judicial proceeding; the proceedings implicate important state interests; and the Plaintiff has adequate opportunity to raise constitutional challenges in the state proceeding.

> *(i).    Plaintiff is pursuing an ongoing state judicial proceeding.*

Virginia Code § 54.1-2400(11) states that a decision of a panel of a board conducting formal proceedings "shall be subject to court review in accordance with the Administrative Process Act." Va. Code § 54.1-2400(11). The VAPA, Virginia Code § 2.2-4000 *et seq.*, instructs that a party aggrieved by an agency decision can appeal that decision to the appropriate Virginia Circuit Court. *See* Va. Code §§ 2.2-4026, -4003; *see also* R. Sup. Ct. Va., Part Two A. Under the VAPA, the issues of law subject to review by the appropriate Circuit Court are:

(i)     agency failure to accord constitutional right, power, privilege, or immunity;

(ii)    agency failure to comply with statutory authority, jurisdiction limitations, or right as provided in the basic laws as to the subject matter;

(iii)   observance of required procedure where any failure therein is not mere harmless error; and

(iv)    agency failure to have substantial evidential support for findings of fact.

Va. Code § 2.2-4027.

The Fourth Circuit expressly applied *Younger* in a case similar to this, where a plaintiff filed a federal complaint concurrent with an ongoing state judicial review of a decision by the Virginia Board of Medicine. *See Simopoulos v. Virginia State Bd. of Medicine*, 644 F.2d 321, 329-30 (4th Cir. 1981). The Court in *Simopoulos* found that the appeal of an administrative decision by the Board of Medicine through the state appellate process required abstention under *Younger. Id.*

The Plaintiff is pursuing an ongoing state judicial proceeding in the appeal of the Board's decision – a decision that she specifically asks this Court to overturn. (*See* Am. Compl. at page 47.) Following the issuance of the Board Order on February 28, 2013, the Plaintiff filed a timely Notice of Appeal and Petition for Appeal. (*See* Exs. A, B, and C.) The Circuit Court dismissed the Petition and upheld the Board Order on September 12, 2013. (*See* Ex. D.) The Plaintiff then filed a Notice of Appeal to the Virginia Court of Appeals (*see* Ex. E), filed her assignments of error with that Court on December 27, 2013 (*see* Ex. F), and filed her Opening Brief on January 21, 2014. (*See* Ex. G.) The Plaintiff's state court appeal satisfies the first criterion of the *Middlesex* test. Plaintiff's case in the Virginia Court of Appeals is clearly ongoing.[7]

*(ii).*   *Plaintiff's state judicial proceeding implicates important state interests.*

The second criterion of the *Middlesex* test is met because Plaintiff's state judicial proceeding implicates important state interests. The state has an extremely important interest in protecting the health and well-being of the public by ensuring that its professional health licensees, including chiropractors, operate in a safe and competent manner. *See Middlesex*, 457 U.S. at 434 (holding that, under *Younger* analysis, the state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses."); *see also*

---

[7] Plaintiff included restraint of trade arguments in her state appellate claims. (*See* Ex. C at 32-34; *see also* Ex. G at 21-22.)

*Phillips v. Virginia Bd. of Medicine*, 749 F.Supp. 715, 722-23 (E.D. Va. 1990) (finding the second criterion of the *Middlesex* test met because states have a vital interest in regulating the conduct of licensed health professionals).

> (iii). *Plaintiff has adequate opportunity to raise constitutional issues.*

Finally, the VAPA provides Plaintiff with an adequate opportunity to raise constitutional challenges. The VAPA, as noted above, specifically provides the opportunity to do so in Virginia Code § 2.2-4027.[8] *See Phillips*, 749 F.Supp. at 723-24 (finding that the VAPA satisfies the requirement that a plaintiff be afforded adequate opportunity to raise constitutional claims in the state court proceedings) (*citing Simopoulos*, 644 F.2d at 330, n.37; *State Bd. of Health of Commonwealth v. Godfrey*, 223 Va. 423, 434, n.6 (Va. 1982)).

> (iv). *Plaintiff has failed to exhaust her state appellate remedies.*

Additionally, the Plaintiff is required to exhaust her remedies in state court under Fourth Circuit application of *Younger* abstention. In *Moore v. City of Asheville*, 396 F.3d 385 (4th Cir. 2005), the Fourth Circuit, citing *Younger*, held that a party "must exhaust his state administrative and judicial remedies and may not bypass them in favor of a federal court proceeding in which he seeks effectively 'to annul the results' of a state administrative body." *Id.* at 388 (*citing Huffman*, 420 U.S. at 608-9; *Ohio Civil Rights Comm'n*, 477 U.S. at 627).

The Plaintiff has failed to exhaust her state remedies – which she is concurrently taking full advantage of – and is attempting to use the federal court system to circumvent the VAPA appeal process. Notably, the Plaintiff requests as relief "[t]hat the Court adjudge and decree that the Order issued by the [Board] against the Plaintiff on February 28, 2013 be set aside in its

---

[8] Not only has Plaintiff been provided the ability to raise constitutional issues, she did so in her Petition for Appeal to the Circuit Court. (*See* Ex. C at 4-5.) Plaintiff raised Fifth, Fourteenth, and First Amendment claims to that Court. On appeal, she maintains those claims. (*See* Ex. F at 3-4; *see also* Ex. G at 10-21.)

entirety . . ." (*See* Am. Compl. at page 47.)[9] The Plaintiff styles her claims as founded in antitrust law, but those claims are a mere façade for a collateral attack on the Board's Order.[10] Plaintiff asks this Court to overturn the Board Order in advance of a final decision by a state appellate court, and furthermore asks this Court to deny the Board its statutory ability to regulate the conduct of Plaintiff in the future. The Plaintiff is impermissibly attempting to relitigate issues that were heard before the Board with the intent of annulling the state agency decision. *See Moore*, 396 F.3d at 394-95 (finding the plaintiff's attempt to annul the state decision and relitigate issues with his federal complaint improper).

The Virginia General Assembly specifically entrusted the Board with the power to regulate the activities of certain licensed individuals. Va. Code §§ 54.1-2400, -2900. The Plaintiff does not agree with the scope of practice enacted by the General Assembly, and does not agree with any sanction of her license imposed by the very Board that provides her license, and therefore has attacked the Board's Order under the claim of restraint of trade. Under the *Younger* abstention doctrine, the Plaintiff's suit in this Court should be dismissed.

> (v). *Plaintiff's attempt to avoid Younger application by alleging additional claims must fail.*

Plaintiff has amended her claims to assert additional allegations, presumably believing such action will limit the application of *Younger*. (*See* Am. Compl. at ¶¶ 72, 73, 112.) Plaintiff's additional allegations, however, do not change the nature of the Plaintiff's suit, which asks a federal court to interfere in an ongoing state court appeal.

---

[9] Plaintiff is also arguably asking the Court to award, in her request for treble damages, a repayment of any fines which the Board ordered the Plaintiff to pay as sanction. This request is almost identical to the request for relief in *Moore*, wherein the plaintiff requested that the district court set aside the administrative agency decision and that plaintiff be repaid amounts that he paid as fines. *Moore*, 396 F.3d 385, 395. The Fourth Circuit found that these requests demonstrated that the plaintiff wished to annul the state agency decision with the federal complaint.

[10] The Plaintiff specifically attacks findings made by the Board, the statutes that govern the practice of chiropractic, the Regulations of the Board, and the Board's interpretation of its own statutes and regulations. (*See* Am. Compl. at ¶¶ 37-80.)

Plaintiff has asked this Court to overturn the Board decision, limit the Board's ability to operate under the state statutes that govern it, and force the Board to pay monetary damages for acting as it is legally required. (*See* Am. Compl. at pages 47-48, Prayer for Relief.) The vast majority of allegations in the Amended Complaint that are not narrative in nature attack the circumstances surrounding the Order which sanctioned the Plaintiff and the administrative process that led to the sanction. (*See* Am. Compl. at ¶¶ 35-59, 74-80, 99-111, 113-14, 118-19.)[11] The addition of a few unsupported allegations provides only a fig leaf to the Plaintiff's true aim: overturning the Board's decision through an improper channel.

B.      *Burford* **Abstention Bars the Plaintiff's Claims.**

Because this case involves a complex area of state law, *Burford* abstention would also apply. *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943). Under *Burford*, federal courts should abstain from deciding cases:

> (1) that present "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" or (2) whose adjudication in a federal forum "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*Johnson v. Collins Entertainment Co.*, 199 F.3d 710, 719 (4th Cir. 1999) (quoting *NOPSI v. Council of New Orleans,* 491 U.S. 350, 361 (1989)).

*Burford* abstention is based on our system of dual sovereignty. Principles of federalism and comity require that federal courts avoid interference with a state's administration of its own affairs. *Johnson*, 199 F.3d at 719. Thus, federal courts should avoid trying to predict how state courts would decide a disputed issue of state law. *Id.* at 720. Where a disputed issue of state law

---

[11] Many of these allegations seek to relitigate the very issues that were before the Board at Plaintiff's formal hearing, such as whether the Plaintiff's use of a laser constituted the practice of medicine. (*See* Am. Compl. at ¶¶ 74-78.) These same issues have been raised in Plaintiff's state court appeal. (*See* Ex. G at 31-35 (discussing at length Plaintiff's use and direction of her staff to use lasers).)

12

is fundamental to state public policy, such as state regulatory action, the state court system should have the first opportunity to resolve it. *See Johnson,* 199 F.3d 710. Based on the foregoing, *Burford* abstention applies here, where the issue presented involves the regulation of the practice of chiropractic.

The Plaintiff is attacking a complex state statutory scheme. Plaintiff supports her antitrust allegations by attacking the VAPA, the administrative proceedings it governs, and the state statutory system of regulating health professions through regulatory boards of the Department of Health Professions. (*See* Am. Compl. at ¶¶ 37-59, 72-78.) This Court cannot grant Plaintiff's wish, namely to stop the Board from regulating a category of professionals that the Virginia General Assembly has told the Board to regulate, without affecting a complex state system.

The VAPA confers authority on Virginia agencies to "decide cases as well as to standardize court review thereof." Va. Code § 2.2-4000. Any action taken by this Court with the intent to affect the administrative process in Virginia will impact a multitude of state agencies.

Additionally, any action that limits the ability of the Board to regulate its licensees will affect far more than just chiropractors. The Board licenses sixteen different disciplines. *See* Va. Code §§ 54.1-2900, -2929 (requiring a license issued by the Board to practice as a doctor of medicine, doctor of osteopathy, doctor of podiatry, or doctor of chiropractic), -2949 (requiring a license to practice as a physician assistant), -2954.1 (Board licenses respiratory care practitioners), -2956.5 (license required to practice occupational therapy), -2956.8:1 (license required to practice radiologic technology, which includes radiologic technologists, radiologic technologists limited, and radiologist assistants), -2956.9 (license required to practice acupuncture), -2957.4 (license required to practice as an athletic trainer), -2957.8 (license required to practice as a midwife), -2957.15 (license required to practice as a polysomnographic

technologist), and -2957.16 (license required to practice as a behavior analyst or assistant behavior analyst).[12] The General Assembly conferred authority on the Board to regulate all of the professions included in Chapter 29 of Title 54.1. Plaintiff's wish to arbitrarily limit the Board's authority to only medicine, osteopathy, and podiatry will create considerable consequences for the regulation of health professions in Virginia.

The actions which the Plaintiff requests this Court take both present "difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result" requested and whose adjudication in this Court "would be disruptive of state efforts to establish a coherent policy" regarding state regulation. *Johnson*, 199 F.3d at 719 (citations omitted). Although only one of these situations must be present for the application of *Burford* abstention under Fourth Circuit case law, both are present here. Therefore, *Burford* abstention applies to the Plaintiff's claims.

**C.     Absolute, Quasi-Judicial Immunity Bars Claims Against the Board, its Members, and Staff.**

The Board, its members, and employees are entitled to absolute, quasi-judicial immunity. The Board was acting in its quasi-judicial capacity when it investigated, considered, and ruled upon Plaintiff's sanction under the test established by the U.S. Supreme Court in *Butz v. Economou*, 438 U.S. 478, 514 (1978). In *Butz*, the Supreme Court found that officials involved in administrative hearings were entitled to absolute, quasi-judicial immunity. *Id.* Federal case law also supports applying such immunity specifically to administrative medical boards empowered to suspend licenses. *See Horwitz v. State Bd. of Medical Examiners*, 822 F.2d 1508, 1510 (10th Cir. 1987) (medical board hearing officers entitled to absolute immunity from claims alleging violation of federal law).

---

[12] The Board also licenses and regulates nurse practitioners jointly with the Virginia Board of Nursing. *See* Va. Code § 54.1-2957.

While not controlling, an unpublished case decided by the Fourth Circuit is informative. In *Richter v. Connor*, 1994 U.S. App. LEXIS 6961, *10-21 (4th Cir. Apr. 8, 1994) (attached to this Memorandum as Ex. H), the Fourth Circuit, relying on *Butz*, found that quasi-judicial immunity barred all claims against the Board of Medicine and its staff in a case alleging fabrication of evidence. The Court stated that those defendants were performing quasi-judicial functions, as the Defendants were in the instant action. *Id.* "[A]bsolute immunity prevents an aggrieved party from bringing an action against a quasi-judicial official even if the official fails to perform his duties properly." *Id.* at *16. The reason for this doctrine is that, without it, the Board and its individual members and staff could be subject to liability from harassing suits similar to this one following every administrative decision made by the Board.

The facts alleged in the Complaint show that the Board, its members, and staff were acting in their quasi-judicial capacity in hearing the matter before the Board: namely, whether Plaintiff violated certain statutes or regulations applicable to chiropractors licensed by the Board. Therefore the Defendants are entitled to quasi-judicial immunity under *Butz* and *Richter*, and the claims against all of the Defendants should be dismissed with prejudice.

**D.     Plaintiff Has Failed to Adequately Plead Facts That Demonstrate a Conspiracy.**

The Plaintiff presumes in her Amended Complaint that any action taken by the Board against the Plaintiff as a licensed chiropractor, or against any licensed chiropractor, under its statutory authority is a conspiracy against chiropractors. Yet, the Plaintiff produces nothing but conclusory statements to support those presumptions. (*See* Am. Compl. at ¶¶ 72, 73, 78, 108, 109.) These conspiracy allegations form the basis of the claims against the Defendants. Without them, Plaintiff's allegations amount to allegations that the Board, its members, and staff acted as

15

required under state statutory law. Because the Plaintiff's conspiracy allegations are not sufficient to state a claim, the claims against all Defendants must fail.

In *Iqbal*, the Supreme Court stated that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555; *Papasan*, 478 U.S. at 286). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). Plaintiff's Amended Complaint fails both of the basic tenets put forth in *Twombly* and *Iqbal*. Namely, the Plaintiff's allegations are supported only by bare legal conclusions, and the allegations as pled do not permit this Court "to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 678-79; *see also Twombly*, 550 U.S. at 555-56 ("[t]he pleading must contain more than a statement of facts that merely creates a suspicion of a legally cognizable right of action") (citations and internal quotation marks omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

The bare bones allegations which Plaintiff has presented to this Court to support claims of a conspiracy include: (1) that by virtue of simply practicing their professions, medical doctors, osteopaths, and doctors of podiatry have an interest in conspiring against chiropractors (*see* Am. Compl. at ¶¶ 12-17, 19, 33, 34, 59, 81-86, 99, 100, 103, 104, 106, 108, 128, 137, and 145); (2) that Virginia regulates chiropractors under the Board, rather than regulating chiropractors under a separate board[13] (*see* Am. Compl. at ¶¶ 32, 46); (3) that medical doctors, doctors of osteopathic medicine, and doctors of podiatry have a financial interest in regulating chiropractors (*see* Am. Compl. at ¶ 48); and (4) that, because the Board sanctioned Plaintiff's license in a manner

---

[13] This in particular does not support any claims against the Defendants. The Virginia General Assembly determines how health professions are regulated by statute. *See generally* Va. Code § 54.1-2400 *et seq.*; Va. Code § 54.1-2900 *et seq.* The General Assembly, rather than the Board, determines which disciplines are regulated by which board.

permitted by the Virginia General Assembly and following an evidentiary administrative hearing, and because the panel did not include the one chiropractic member of the Board,[14] then a conspiracy must exist. (*See* Am. Compl. at ¶¶ 37-45, 47, 51, 57, 74, 75, 79, 98, 100, 103, 105, 108, 109-111, 118, and 123.) These broad conclusory statements fail to offer any facts of an actual conspiracy by the Defendants against the Plaintiff.

Three citizen members sat on the formal panel adjudicating the Plaintiff. (*See* Am. Compl. at ¶ 48.) Two of those citizen members voted to sanction the Plaintiff as described in the Order. (*Id.*) Citizen members of the Board have no connection to the professions regulated by their Board. *See* Va. Code § 54.1-107 (a citizen member of a regulatory board cannot have training or experience as a practitioner in the profession or occupation regulated by the board, cannot be immediately related by blood or marriage to a practitioner, and cannot have direct or indirect financial interest in the practice of the profession regulated by the board). Furthermore, citizen members hold full voting rights and participate in all Board matters. *See* Va. Code §§ 54.1-2402, -2911. The only plausible explanation for the citizen members' votes is that the citizen members heard the evidence presented regarding the Plaintiff's actions, weighed the evidence, and determined an appropriate outcome based on that evidence.[15] The votes of the citizen members provide additional evidence that the Plaintiff's claims do not create even the sheer possibility of misconduct.

---

[14] Plaintiff states in her Amended Complaint that Valerie L. Hoffman, D.C., sat on her informal panel. (*See* Am. Compl. at ¶ 47.) Because Dr. Hoffman, D.C., participated on the informal panel she could not, by statute, have then sat on the formal administrative panel. Va. Code § 54.1-2400(11) ("No member who participates in an informal proceeding conducted in accordance with § 2.2-4019 shall serve on a panel conducting formal proceedings pursuant to § 2.2-4020 to consider the same matter."). The absence of the Board's chiropractic member on the Plaintiff's panel cannot be considered evidence of an alleged conspiracy. Plaintiff did not object to the composition of the panel at the time of her formal hearing.

[15] Dr. Farquar voted no to the Order as written by the Board. Plaintiff assumes that this means Dr. Farquar did not "rule[] against the Plaintiff." (*See* Am. Compl. at ¶ 48.) However, there is no such intent specified in the Board vote. It is merely a vote for a specific sanction and Order or against it. Members voting no may wish to impose a more stringent sanction or no sanction at all, but that information is not indicated by the yes or no vote on the Board's final Order.

As a whole, the allegations put forth by the Plaintiff do not create well-pleaded facts in support of her claims. Her conclusory and illogical allegations fail to meet the standard put forth by the Supreme Court in *Iqbal*. *See Iqbal*, 556 U.S. at 678-79. The Plaintiff has failed to state any claim against any of the Defendants.

> *(i). Plaintiff fails to state a claim for which relief can be granted against the Executive Director of the Board.*

Plaintiff has failed to allege any actual facts that amount to a claim for which relief can be granted against William L. Harp, MD, the Executive Director of the Board ("Defendant Harp"). As a staff member of the Board, Defendant Harp does not vote in disciplinary proceedings. *See* Va. Code §§ 54.1-2900 (defining the "Board"), -2911 (describing the composition of the Board), and -2915 (allowing the Board to sanction licensees). The Plaintiff can point to no authority conferred on Defendant Harp to regulate licensees of the Board, sanction licensees of the Board, or interpret the statutes and regulations of the Board. Thus, the Plaintiff has failed to state any claims for which relief can be granted against Defendant Harp.

## IV. CONCLUSION

For the foregoing reasons, the Defendants ask the Court to dismiss all claims against them with prejudice.

Respectfully submitted,

THE VIRGINIA BOARD OF MEDICINE
RANDOLPH CLEMENTS, DPM
KAMLESH DAVE, MD
SIOBHAN DUNNAVANT, MD
WILLIAM L. HARP, MD
JANE PINESS, MD
WAYNE REYNOLDS, DO


By: \_\_\_/s/ Erin L. Barrett_____
Erin L. Barrett (VSB No. 74928)
Counsel for Defendants
Office of the Virginia Attorney General
Health Services Section
900 East Main Street
Richmond, Virginia 23219
(804) 786-1840
(804) 371-8718 (fax)
ebarrett@oag.state.va.us

The Honorable Mark R. Herring
Attorney General of Virginia

Allyson K. Tysinger
Senior Assistant Attorney General

Sarah O. Allen*
Erin L. Barrett* (VSB No. 74928)
Assistant Attorneys General
(804) 786-1840
(804) 371-8718 (fax)

* *Counsel of Record*

# CERTIFICATE OF SERVICE

I certify that on this 14th day of February, 2014, I will electronically file a copy of this Memorandum of Law in Support of Motion to Dismiss with the Court's ECF system, which will send a copy of this Memorandum to the following attorney:

>Vincent M. Amberly, Esq.
>Amberly Law
>129 Harrison Street, NE
>Leesburg, Virginia 20176
>Telephone: (703) 737-3545
>Fax: (703) 991-0770
>Email: vince@amberlylaw.com
>*Counsel for Plaintiff*

>___/s/ Erin L. Barrett_____
>Erin L. Barrett (VSB No. 74928)
>Counsel for Defendants
>Office of the Virginia Attorney General
>Health Services Section
>900 East Main Street
>Richmond, Virginia 23219
>(804) 786-1840
>(804) 371-8718 (fax)
>ebarrett@oag.state.va.us